UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonard J. Richards, | Civil File No. 06-3788 (PAM/AJB) |
| Plaintiff, | |
| v. | **Report and Recommendation on Plaintiff's Motion to Remand** |
| Francis Windschitl, et. al., | |
| Defendants. | |

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion to remand the case to state court. [Docket No. 22]. The motion has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. It is the recommendation of the Magistrate Judge that this matter be remanded to Rice County District Court, State of Minnesota, for further proceedings.

**Background**

Petitioner, Leonard Richards, is a prisoner at the Minnesota Correctional Facility-Faribault. Mr. Richards filed a complaint in Minnesota state court in Rice County, Minnesota, on August 18, 2006, alleging certain defendants interfered with his ability to get on the ballot for United States Senator from Minnesota in the November 2006 elections. Specifically he alleges, *inter alia*, violation of his right to run for federal office, his right to the privileges and immunities associated with the office, his right to receive mail from attorneys, his right to non-discrimination, his right to equal protection of the laws, and his right to petition for redress of grievances.[1] He also alleges that the defendants acted negligently.[2]

---

[1] [Docket No. 1] Plaintiff's Compl. at 15-21 (attached to the notice of removal).
[2] [Docket No. 1] Plaintiff's Compl. at 21 (attached to the notice of removal).

On September 20, 2006, defendant Postmaster, Ms. Theresa Walls, removed the case to federal court[3] pursuant to 28 U.S.C. § 2679(d)(2) (requiring removal to federal court after the Attorney-General certifies the "defendant employee was acting within the scope of his office or employment" during the incident that gave rise to the claim.)  Also, on September 20, 2006, the American Civil Liberties Union of Minnesota, hereafter "MnCLU," moved to dismiss this case under the state court heading.[4]  MnCLU did not remove the case to federal court.  Finally, on September 20, 2006, defendant Francis Windschitl, Auditor/Treasurer for Rice County, Minnesota, answered the complaint in a pleading bearing the state court caption.[5]  Defendant Windschitl did not remove the case to federal court.  On September 29, 2006, Mary Kiffmeyer, Minnesota Secretary of State; Joan Fabian, Commissioner of Corrections for State of Minnesota; Tim Pawlenty, Governor of Minnesota; and Steven P. Russert, Managing Attorney, Office of State Public Defender ["state defendants"] answered the complaint in federal court.[6]  The state defendants did not independently seek to remove the case to federal court.

Contemporaneous to the removal to federal court, the Postmaster moved for dismissal. In response, Mr. Richards voluntarily dismissed the Postmaster and moved to remand the case to state court.  On December 7, 2006, the Court acknowledged the voluntary dismissal of the Postmaster pursuant to Federal Rule of Civil Procedure 41(a)(1), and declared the Postmaster's motion to dismiss moot.[7]  Therefore, the only federal actor is no longer a party to the case. Also on December 7, 2006, the Court requested that the remaining defendants present their position on removal in light of the Postmaster's dismissal and the plaintiff's motion to remand. The MnCLU

---

[3] [Docket No. 1], Notice of Removal.
[4] [Docket No. 3], Defendant MnCLU's notice of motion and motion to dismiss.
[5] [Docket No. 2], Defendant Windschitl's answer.
[6] [Docket No. 12] State defendant's answer.
[7] [Docket No. 33], Order.

and the state defendants opposed remand, asserting that federal jurisdiction is proper, based upon federal question jurisdiction.[8]

## Argument

The Eighth Circuit has recently examined the treatment accorded to reasons for removal filed more than thirty days after the initial pleading. *Dahl v. R.J. Reynolds Tobacco, Co.*, ___ F.3d ___, 2007 WL 601502 1 (8th Cir. February 28, 2007). In *Dahl*, the defendant had tried initially to remove the case to federal court based upon of diversity jurisdiction. *Id.* at *1. The *Dahl* defendants later tried again to remove the case to federal court asserting federal officer jurisdiction based upon the subsequently issued decision in *Watson v. Philip Morris Co.*, 420 F.3d 852 (8th Cir. 2005)(cert. granted 127 S. Ct. 1055 (Jan 12, 2007)). *Dahl* at *2. The district court denied plaintiff's motion to remand the case to state court, but the Eighth Circuit reversed that decision because the second motion to remove was untimely (filed more than 30 days after the complaint was filed.) "A defendant is generally barred from asserting any ground for removal not attempted within that thirty day period." *Dahl* at *3 (citing 28 U.S.C. § 1446(b); *Lindsey v. Dillard's, Inc*., 306 F.3d 596, 600 (8th Cir. 2002)). An exception to the thirty-day limit on motions to remove cases to federal court exists when the initial pleading does not reveal the defendant's ability to remove the case. *Dahl* at *3-*4 (citing 28 U.S.C. § 1446(b). Even a cursory examination of the petitioner's complaint in the case now before the court reveals that the complaint was removable pursuant to federal question jurisdiction.[9]

**Court Discretion to Remand**

"When removal jurisdiction is premised on a federal defendant who is subsequently dismissed, the decision to remand the remaining claims to state court is committed to the district

---

[8] [Docket #41], State Defendants' Memorandum in Opposition to Motion to Remand; [Docket #42], Defendant MnCLU's Memorandum of Law in Opposition to Plaintiff's Motion to Remand.
[9] [Docket#1], Plaintiff's compl. at 15-22, attached to notice of removal.

court's discretion." *Bushman v. Seiler*, 755 F.2d 653, 654 (8th Cir. 1985) (citing *Falls Riverway Realty v. City of Niagara Falls,* 732 F.2d 38, 42 (2d Cir.1984)). Factors to be considered when determining whether or not to remand after the dismissal of the sole federal defendant include (1) judicial economy, (2) fairness to the parties, (3) the delicacy of the state law issues present, 4) avoidance of needless determinations of state law by federal courts, (5) probability of a faster outcome if the case is retained, and (6) "legitimate interests and expectations of parties in having a trial in federal court." *Falls Riverway*, 732 F.3d at 42.

The delicacy of state law issues weighs in favor of remand. While the plaintiff alleged violations of several different federal constitutional provisions, the essence of his complaint is the claim that the county and state defendants did not adhere to the Minnesota Supreme Court's order in *Backstrom v. Kiffmeyer*.[10] In *Backstrom*, the Minnesota Supreme Court decided that even a fugitive felon had a right to be placed on the ballot for federal election.[11] The court determined the Minnesota Secretary of State could not keep the fugitive felon off the ballot because doing so would add to the qualifications required of candidates for federal office, as provided under Article I of the United States Constitution.[12] It is the court's determination herein that Minnesota state courts, not federal courts, should be the courts ensuring that the orders of Minnesota's highest court are upheld in the first instance. Therefore, the delicacy of the state law issues weighs in favor of remand. Since Mr. Richards is claiming that the defendants failed to follow the law as it is recognized pursuant to order of the Minnesota Supreme Court, a federal court decision on the claims in this case may necessitate interpretation of the order of the Minnesota Supreme Court. This factor weighs in favor of remand.

---

[10] [Docket#1], Plaintiff's compl. at 2-3, attached to notice of removal. The text of the Minnesota Supreme Courts unpublished order in *Backstrom* is appended to Plaintiff's Compl. at Exhibit A, pages A-1 to A-4.
[11] [Docket#1], *Backstrom v. Kiffmeyer*
[12] [Docket#1], *Backstrom v. Kiffmeyer.*

4

The judicial economy factor is neutral because neither state courts nor federal courts have invested substantial resources in this case. Regarding the fairness factor, Mr. Richards wants to return to state court, and the state defendants and the MnCLU want to stay in federal court. However, none of the remaining defendants timely removed the case to federal court.

In determining venue courts use discretion to determine where the lawsuit should proceed. *Am. Dredging v. Miller*, 510 U.S. 443, 449 n.2 (1994). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (superseded by a statute that increased court's discretion as detailed in *Am. Dredging*, 510 U.S. at 449 n. 2 (1994)). Similarly, when the basis for removal disappears and a plaintiff seeks remand, courts may exercise discretion in determining where the lawsuit should proceed. *See Bushman*, 755 F.2d at 654. Therefore, the court will give added weight to the plaintiff's choice of forum because the remaining defendants in this matter did not timely remove the case to federal court. Furthermore, "state courts are equally competent to determine issues of federal constitutional law." *Middleton v. McDonald*, 388 F.3d 614, 617-618 (8th Cir. 2004) (citing *Simes v. Huckabee,* 354 F.3d 823, 829 (8th Cir. 2004)). The fairness factor weighs in favor of remanding the case to state court.

As to the legitimate interest expectation factor, none of the remaining defendants timely removed this case to federal court based upon federal question jurisdiction. Consequently, none of the defendants are entitled to an inference in their favor with respect to their expectations of being in federal court. Plaintiff, on the other hand, made his expectation clear with the filing of his initial complaint in state court. The legitimate expectations factor weighs in favor of remand.

This case is still at the pleadings stage. This is not a case in which discovery is complete, the case is ready for trial, and the plaintiff is merely seeking remand after the sole federal actor was dismissed. *See Myers v. Moore, Engineering, Inc.*, 42 F.3d 452, 454 (8th Cir. 1994). Thus, retaining jurisdiction would not necessarily lead to a more prompt disposition of the case. The court finds that while judicial economy and probability of a prompt disposition are neutral factors in the remand analysis, the delicacy of state law issues, avoidance of state law decisions, fairness to the parties, and legitimate expectations factors favor remanding this action.

Now, therefore, the magistrate judge makes the following:

## RECOMMENDATION

Accordingly, it is hereby **recommended** that plaintiff's motion to remand [Docket No. 22] be granted and that this matter be remanded to Rice County District Court, State of Minnesota for further proceedings. Plaintiff's concurrent motion to strike certain filings and motion to correct the docket heading should be denied as moot.


Dated:   March 8, 2007

                                                               s/Arthur J. Boylan
                                                               Arthur J. Boylan
                                                               United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before March 22, 2007. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.